(97 App. Div. 518.)

### McCLURE v. LEAYCRAFT.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. BUILDINGS — RESTRICTIONS — COVENANTS — ENFORCEMENT — SURROUNDING PROPERTY—CHANGE—EFFECT.

   Where a covenant restricting the use of property prevented the erection of any tenement, apartment, or community house, an adjoining owner's right to enforce the same was not affected by the fact that since the making of the covenant the character of the neighborhood in which the property was located had changed.

2. SAME—CONSTRUCTION.

   Plaintiff and defendant were owners of adjoining land; both pieces being affected by a covenant, running with the land, providing against the erection at any time of any tenement, apartment, or community house thereon. The covenant was subsequently modified by the parties so as to permit the erection of a church, and to limit its duration. *Held*, that the term "apartment or community house" was not used as synonymous with "tenement," and hence the covenant precluded the erection of an apartment house during the life thereof.

Appeal from Special Term, New York County.

Action by John McClure, as trustee of Julia P. Kirkland under the will of Charles P. Kirkland, deceased, against Robert J. Leaycraft. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

David McClure, for appellant.

B. L. Kraus, for respondent.

PATTERSON, J. The plaintiff is the owner, as trustee, of a lot of land, with the building thereon erected, known as No. 464 West 145th street, in the city of New York. He brought this action to enjoin the defendant from erecting on premises on the southwest corner of 145th street and St. Nicholas avenue, in the city of New York, a six-story apartment house. Both pieces of property are affected by a covenant relating to the character of buildings to be erected on the land owned by them, respectively. Those covenants are contained in an instrument dated the 9th of November, 1886, made between William H. De Forest, of the one part, and True W. Hoyt, of the other part, and in which it is specifically provided that the party of the first part (that is, Mr. De Forest), for himself, his heirs, etc., covenants and agrees, among other things, "that neither he nor they shall at any time hereafter erect or permit upon said premises, or any part thereof, any tenement, apartment or community house"; and it is further provided in express terms that the covenant shall be deemed to run with the land, and that all deeds of the premises, or any part thereof, executed by the party of the first part or his heirs, shall contain similar covenants.

It is beyond question that the land of the defendant is affected by that covenant. In December, 1886, there was another instrument executed between the same parties, in which mention is made of the covenant just referred to, and in which it is recited that the parties desired to modify, and in effect limit, the covenant; and thereupon they proceed to make certain modifications as follows: They covenant and agree—

"That the said covenants against nuisances and regulating the character of any buildings that may be erected upon the several premises * * * shall be modified by excepting churches from such covenants and restrictions and allowing the erection upon any part of the premises of a brick or stone building to be used as a church * * * and as so modified, said covenants and restrictions shall be binding upon the parties hereto, their respective heirs and assigns and shall bind said lands and each of them for the period of twenty-five years from said 9th day of November, 1886, and from and after the expiration of said twenty-five years the parties hereto * * * release and discharge the other, their respective heirs and assigns from the said covenants and restrictions contained in said deed and agreement except as far as any liability may have been incurred for violation of any of said covenants before the expiration of said period and do covenant and agree that after the expiration of said period the said lands and each of them shall be entirely released and discharged from the said covenants and restrictions."

The defendant was proceeding to construct the apartment house upon his premises, and had filed plans therefor with the building department. The plaintiff then brought this action. On the trial the court dismissed the complaint on the merits. From the judgment entered thereupon, this appeal is taken.

It may be assumed at once that the intended structure is not a tenement house, in the sense in which that word was understood at or before the time this covenant was entered into. It may also be assumed

that, in the immediate neighborhood of the land affected by this cove-
nant, changes have taken place in the character of buildings erected,
and in the uses to which real property is put. But those circumstances
furnish no reason for withholding an injunction in this case, or for not
enforcing a covenant the terms of which are so precise as this, and
which was apparently entered into with deliberation, and was modified
so as to change it from one that would run with the land in perpetuity
to one which would expire within 25 years. The modification of the
agreement shows conclusively that it was the intention of the parties
to make the restrictive covenant endure only for a comparatively short
time, but during that time to have it strictly enforced. The change
in the character of the neighborhood therefore furnishes no reason why
an injunction should not issue in this case, and what was held in
Trustees of Columbia College v. Thatcher, 87 N. Y. 311, 41 Am. Rep.
365, has no application, for here the interpretation to be given to the
instruments is clear, as is also the breach of the covenant; and, as was
said in the Columbia College Case, quoting from Tipping v. Eckersley,
2 K. & J. 264, the mere breach of the covenant affords sufficient ground
for the court to interfere by injunction, unless other and graver con-
siderations control. There can be no question, we think, of the con-
struction to be given to this covenant. It is manifest that it was in-
tended to prevent the erection of other kinds of buildings than such as
were understood to be tenement houses at the time the covenant was
made or modified. All the cases in which injunctions have been re-
fused to restrain the building of apartment houses under covenants re-
ferring to tenement houses have been decided upon the ground that it
was the intention of the parties making the covenant to refer only to
that description of a house to which the word "tenement" applied at
the time the instrument containing the covenant was executed. Such
was the case of White v. Collins Bldg. & Const. Co., 82 App. Div. 3,
81 N. Y. Supp. 434; and others might be cited. But in the covenant
under consideration there is an enlargement of the prohibition. The
erection of tenement houses is not only prohibited, but apartment hous-
es and community houses come under the interdict. It is idle to say
that the parties did not intend the restriction to apply to something
more than what were distinctively known as "tenement houses," in
contradistinction from other buildings. The words cannot by any rea-
sonable interpretation be used as synonyms. Apartment houses were
well known in New York City in the year 1886. The defendant's land
is bound by the covenant, and the plaintiff is entitled to have it enforced
for the few years of its survival under the modified agreement.

The judgment should be reversed, and a new trial ordered, with costs
to the appellant to abide the event. All concur.